TAYLOR
v.
MOFFATT.

*Howk,* for the defendants.

---

### TAYLOR *v.* MOFFATT and Others, on Appeal.

*Thursday,
May 6.*

ACTION on the case for the disturbance of an exclusive right to vend merchandise, &c. Plea, a lease, &c. Demurrer to the plea, and judgment for the defendants. For the facts see the preceding case of *Taylor* v. *Owen and others.*

SCOTT, J.—It is alleged here, on behalf of the appellant, that *Owen,* being the owner of the land, could dispose of the soil itself, or any privilege appurtenant to, or growing out of it; that in this case he has, by his covenant with *Taylor,* divested himself of the right to vend merchandise in *New-Harmony;* and it is inquired, can *Moffatt* possess greater privileges than his lessor? To this it may be replied, that an incorporeal hereditament may be conveyed to one, and the right of soil to another, and after a grant of the incorporeal hereditament, a conveyance of the land to which it is appendant is subject to that grant. But the privilege of vending goods is a right purely personal; it is not appendant to the land or growing out of it; and when *Owen* covenanted with *Taylor* that he should have the exclusive right to vend merchandise in *New-Harmony,* he did not by that covenant strip his land of any of its appurtenances. As soon as *Moffatt* obtained a lawful possession of the premises he occupies, he, as a free man, brought his personal rights into that place, as appendant to his person, and not to the land, and as long as that possession continues, he may lawfully exercise those

rights, unaffected and unrestrained by any contract or agree-
ment to which he is not a party. We are clearly of opinion
that the appellant has no ground of action.

*Per Curiam.*—The judgment is affirmed with costs.